1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY AND BEVERLY PATTERSON, | CASE NO. 09cv0567 - IEG - POR |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| vs. | |
| LATIMER LEVAY JURASEK LLC, | |
| Defendant. | |

Plaintiffs filed a Complaint against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.  Presently before the Court are Defendant's three alternative motions: to dismiss for lack of personal jurisdiction, to transfer for improper venue, or to transfer for convenience.  Plaintiffs oppose all three motions.  Having considered the parties' submissions, the Court DENIES Defendant's motions.

## BACKGROUND

**A.     The Parties**

Roy and Beverly Patterson ("Plaintiffs") are residents of San Diego County, California. Plaintiffs own real property located in Roxana, Illinois.

Latimer Levay Jurasek LLC ("Defendant") is a law firm that is a limited liability company with its principal place of business in Chicago, Illinois. U.S. Bank National Association N.D. retained Defendant to handle debt collection.

//

**B.      Factual Background**

Plaintiffs defaulted on a loan ("Mortgage") owed to U.S. Bank National Association N.D. ("Lender") and secured by the Illinois property.  Lender retained Defendant to handle the Mortgage and other loan documents. On March 9, 2009, Defendant sent a letter ("Letter") to Plaintiffs addressed to Plaintiffs' California residence, as well as to Plaintiffs' address in Roxana, Illinois.  The Letter informed Plaintiffs Lender retained Defendant to handle the Mortgage, and all other loan documents executed on the Illinois property.  Additionally, the Letter required Plaintiffs to pay the amount due by April 8, 2008 or Lender would enforce all of its rights.  The Letter included a separate page entitled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT."  It is undisputed Plaintiffs' Complaint arises entirely from this Letter.

**C.      Procedural Background**

On March 20, 2009, Plaintiffs filed a Complaint, asserting six claims of relief for various violations of the FDCPA.  For example, Plaintiffs allege that Defendant's Letter violated 15 U.S.C. § 1692(g)(3) by stating the consumer  must dispute the validity of the debt *in writing*.

On May 8, 2009, Defendant filed three alternative Motions.  Plaintiffs opposed and the Court finds the matter amenable to disposition without oral argument.  Local Civil Rule 7.1(d)(1).

**LEGAL STANDARDS**

**A.      Personal Jurisdiction**

Where there is no applicable federal statute governing personal jurisdiction, courts apply the law of the state in which the district court sits.  See 15 U.S.C. § 1692(k)(d); Fed R. Civ. P. 4(k)(1)(A).  California's "long arm" statute permits local courts to exercise jurisdiction to the outer limits of constitutional due process; therefore, courts need to determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause.  See, e.g., CAL. CIV. PROC. Code § 410.10; Data Disk, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977).

The three traditional bases for personal jurisdiction are physical presence, domicile and consent.  See Burnham v. Superior Court, 495 U.S. 604 (1990).  However, a non-resident's "minimum contacts" with the forum state may serve as an alternative basis for local jurisdiction as long as the suit does not "offend the traditional notions of fair play and substantial justice." International Shoe Co. v.

1  <u>Washington</u>, 326 U.S. 186, 207 (1945).

2        Personal jurisdiction over a non-resident defendant can be either general or specific depending

3  on the nature and quality of the defendant's "contacts" with the forum state.  <u>See</u> <u>Sher v. Johnson</u>, 911

4  F.2d 1357, 1361 (1990).   General jurisdiction exists when the defendant's contacts are "substantial,

5  continuous and systematic," even if the cause of action is unrelated to the defendant's activities within

6  the state.   <u>See</u>  <u>Perkins v. Benguet Consolidated Mining Co.</u>, 342 U.S. 437, 445 (1951).   Specific

7  jurisdiction subjects defendants to jurisdiction only with respect to claims that are related to its

8  activities within the forum state.

9        The Ninth Circuit implements a three-prong test to determine whether a court can exercise

10  jurisdiction over a non-resident defendant: (1) the non-resident defendant must perform some act by

11  which it purposely avails itself of the privilege of conducting activities in the forum state, invoking

12  benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's

13  forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  <u>Ochoa v. J.B. Martin</u>

14  <u>& Sons Farms, Inc.</u>, 287 F.3d 1182, 1188-89 (9th Cir. 2002).   This "flexible approach" allows

15  jurisdiction based upon a lesser showing "of minimum contacts if considerations of reasonableness

16  dictate."  <u>See</u> <u>id.</u> at 1188 n.2.

17  **B.**    **Venue**

18        Venue in federal question cases is governed by 28 U.S.C. § 1391(b).  In federal question cases,

19  venue is proper: (1) in a district where any defendant resides if all defendants reside in the same state;

20  (2) a district where a "substantial part of the events or omissions" on which the claim is based

21  occurred; or (3) if there is no district where the action may otherwise be brought, the district "in which

22  any defendant may be found."  28 U.S.C. § 1391(b).

23  **C.**    **Transfer of Venue**

24        Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of

25  justice, a district court may transfer any civil action to any other district or division where it might

26  have been brought."

27  //

28  //

**DISCUSSION**

**A.      Motion to Dismiss for Lack of Personal Jurisdiction**

I.      Parties Arguments

Defendant argues it is not subject to general or specific jurisdiction. Defendant believes it is not subject to general jurisdiction because it has not conducted "substantial, continuous and systematic activities" within California. Furthermore, Defendant cites two reasons it is not subject to specific jurisdiction: (1) it did not perform any conduct which allows or promotes transaction of business within the California, citing Sher, 911 F.2d at 1363; and (2) the exercise of jurisdiction over Defendant would not be "fair and reasonable" because all of the evidence and witnesses are in Chicago. Defendant suggests California's only interest in the dispute is the fact that Plaintiffs are domiciled here.

Plaintiffs admit the Court does not have general jurisdiction, but instead argue Defendant is subject to specific jurisdiction.

II.      Analysis

To evaluate specific jurisdiction the Court applies the Ninth Circuit's three-prong test: (1) the non-resident defendant must perform some act by which it purposely avails itself of the privilege of conducting activities in the forum state, invoking benefits and protections of its laws; (2) the claim must arise out of or result from the defendants forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Ochoa, 287 F.3d at 1188-89. Plaintiffs must satisfy the first two prongs of the test, Sher, 911 F.2d at 1361, while Defendant must "present a compelling case" that the exercise of personal jurisdiction would not be reasonable. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78 (1985).

The parties agree this suit arises out of the Letter; therefore, only the first and third elements listed above are at issue. Turning first to "purposeful availment," Defendant correctly asserts "purposeful availment" requires it to "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Sinatra v. Nat'l Enquirer, Inc., 854 F.2d. 1191, 1195 (9th Cir. 1988). However, Defendant fails to realize "purposeful availment" "may also be satisfied if the defendant intentionally directed his activities into the forum." Brainerd v.

Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989)(citing Calder v. Jones, 465 U.S. 783, 789-90(1984)).  Defendant intentionally and expressly directed the Letter into the Southern District of California and Defendant knew or should have known the Letter would cause harm in the Southern District.  Maloon v. Schwartz, Zweben & Slingbaum LLP, 399 F. Supp. 2d 1108, 1112 (D. Haw. 2005)(applying the "effects test").  This supports the exercise of personal jurisdiction over Defendant.

Next, the Court considers whether Defendant has shown the exercise of jurisdiction is unreasonable.  See Burger King Corp., 471 U.S. at 476-78 (1985).  This "reasonableness" determination requires the Court balance the following factors:

> (1) [T]he extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1088 (9th Cir. 2000).  Given the present facts, Defendant has not shown the exercise of jurisdiction would be unreasonable.  First, Defendant purposefully interjected itself into the Southern District of California by intentionally sending the Letter to Plaintiffs.  Second, the modern-day ease of communication and relative ease of travel make it reasonable to require Defendant to defend in this forum.  As to the third and fourth factor, both California and Illinois have an interest in this litigation.  California has an interest in protecting its citizens from abusive debt collection practices, 15 U.S.C. § 1692(e), and Illinois must regulate the activities of attorneys licensed in that state.  Sher, 911 F.2d at 1365.  However, Defendant has not shown jurisdiction in California would make litigation "so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent."  Burger King, 471 U.S. at 478.  Fifth, the controversy can be efficiently resolved in the Southern District of California because of the close proximity of witnesses and evidence.  Sixth, a substantial portion of the acts giving rise to the claim occurred in the forum.  Seventh, an alternative acceptable forum does exist, Illinois, weighing in favor of transfer.  Here, Defendant may be able to show it will be inconvenienced, but this does not qualify as a "severe disadvantage."  Sher, 911 F.2d at 1365.

Sher v. Johnson does not change the Court's conclusion.  Defendant cites Sher to support the

1    proposition that "[o]ut of state legal representation does not establish purposeful availment of the
2    privilege of conducting activities in the forum state, where the law firm is solicited in its home state
3    and takes no affirmative action to promote business within the forum state." <u>Sher</u>, 911 F.2d at 1363.
4    In <u>Sher</u> plaintiff sued his out-of-state legal representative whom he solicited.  However, this case is
5    factually distinct.  <u>Sher</u> involved a plaintiff who solicited the defendant-lawyer in the defendant's
6    forum, then unilaterally moved to another forum before filing suit.  Here, Defendant acted as a debt
7    collector for a third party and sent the Letter into California to further its own purpose.

8    **B.      Motion to Dismiss for Improper Venue**

9    <u>I.</u>      <u>Parties Arguments</u>

10         Defendant argues venue is improper, incorrectly relying on 28 U.S.C. § 1391(a), the venue
11   statute applicable to diversity cases. Defendant argues venue is not proper because Defendant resides
12   outside of California and because the events or omissions underlying this action occurred in Illinois.
13   Additionally, Defendant notes the subject property is located in Illinois.

14         Plaintiffs argue venue is proper according to 28 U.S.C. § 1391(b) because their FDCPA claims
15   arose from the receipt of Defendant's Letter.  Therefore, venue is proper in California where Plaintiffs
16   received the collection Letter.

17   <u>II.</u>     <u>Analysis</u>

18         To determine whether venue is proper in the Southern District of California, the Court looks
19   to the general venue statute, 28 U.S.C. § 1391.  Venue in this federal question case is governed by 28
20   U.S.C. § 1391(b).  This case may be brought in a judicial district in which a substantial part of the
21   events or omissions giving rise to the claim occurred.  <u>See</u> 28 U.S.C. § 1391(b)(2). Defendant resides
22   in Chicago, Illinois; therefore, the Southern District of California is the appropriate venue only if
23   Plaintiffs' claims arose there.  <u>See</u> 28 U.S.C. § 1391(b).

24         Congress adopted the FDCPA due to concerns regarding the harmful effects of abusive debt
25   practices on consumers. <u>See</u> 15 U.S.C. § 1692(a.).  This harm cannot occur until the collection notice
26   is received; therefore, other circuits have held that receipt of a collection notice is a substantial part
27   of the events giving rise to a claim under the FDCPA.  <u>See</u> <u>Bates v. C & S Adjusters, Inc.</u>, 980 F.2d
28   865, 868 (2nd Cir. 1992).  Additionally, the Court will not permit a debt collector to violate the

1  FDCPA in other districts, and then force consumers to travel to its district to file suit.  Murphy v.

2  Allen County Claims & Adjustments, Inc., 550 F. Supp. 128, 132 (S.D. Ohio 1982).  In conclusion,

3  the Court finds venue is proper in the Southern District of California.

4  **C.      Motion to Transfer for Convenience**

5  I.       Parties Arguments

6          Defendant insists that, in the interest of justice, this action should be transferred to Illinois.

7  Defendant argues both public and private factors balance in favor of transfer.  Private factors favor

8  transfer because the improved accessibility to evidence and witnesses following transfer would lead

9  to a more expeditious and inexpensive trial.  Public factors favor transfer because legal standards

10  applicable to this dispute should reflect those of the Illinois debt collection and legal communities.

11  Additionally, Defendant contends California has no particular interest in the subject matter; therefore,

12  Plaintiffs' choice of forum is only entitled to minimal consideration.

13          Plaintiffs argue the party moving for *forum non conveiens* must demonstrate: (1) the existence

14  of an adequate alternative forum; and (2) the balance of the relevant private interest factors favor

15  dismissal.  Furthermore, Plaintiffs contend their choice of forum should not be disturbed unless the

16  balance strongly favors Defendant.  Plaintiffs argue Defendant has failed to show the private interest

17  factors weigh in its favor.  Plaintiffs argue Defendant failed to realize the basis of the Plaintiffs claim

18  is the Letter, which is in California.  Additionally, Plaintiffs contend the majority of witnesses reside

19  in California, making transfer unduly expensive.  Plaintiffs argue Defendant failed to show public

20  interest factors weigh in favor of transfer.

21  II.      Analysis

22          When determining whether transfer is appropriate under section 1404(a), courts consider

23  multiple factors:

24          (1) the location where the relevant agreements were negotiated and executed, (2) the
           state that is most familiar with the governing law, (3) the plaintiffs choice of forum,
25          (4) the respective parties' contacts with the forum, (5) the contacts relating to the
           plaintiff's cause of action in the chosen forum, (6) the differences in the costs of
26          litigation in the two forums, (7) the availability of compulsory process to compel
           attendance of unwilling non-party witnesses, and (8) the ease of access to sources of
27          proof.

28  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  Deference is given to

1  Plaintiffs' choice of forum, unless Defendant makes a strong showing of inconvenience that warrants

2  upsetting Plaintiffs' choice of forum.  Decker Coal Co. V. Commonwealth Edison Co., 805 F.2d 834,

3  843 (9th Cir. 1986).

4       Although some factors favor transfer, most of the factors indicate transfer to Illinois is

5  unnecessary.  First, while Plaintiffs' mortgage was executed in Roxana, Illinois, it is the Letter and

6  not the underlying mortgage that gives rise to Plaintiff's FDCPA claims. Second, both district courts

7  are equally familiar with the governing law. Third, Plaintiffs chose the Southern District of California.

8  Fourth, as detailed above, Defendant has sufficient minimum contacts with the Southern District of

9  California to justify the exercise of personal jurisdiction.  Fifth, as detailed above, the very contacts

10 that justify an exercise of personal jurisdiction are the events underlying Plaintiffs' claim.  Sixth,

11 Defendant argues the cost of litigation will be higher in the Southern District of California because

12 relevant evidence and witnesses are in Illinois.  However, Defendant fails to show this is true or that

13 the costs of litigation would be less in Illinois.  Seventh, Defendant fails to argue the Court would be

14 unable to compel the attendance of unwilling non-party witnesses.  Eighth, Defendant argues the

15 sources of proof of the loan are in Illinois, however, the Letter, which is the most relevant source of

16 proof, is in the Southern District of California.

17                              **CONCLUSION**

18       For the foregoing reasons, the Court DENIES Defendant's motions in their entirety.

19 **IT IS SO ORDERED.**

20 **DATED:  June 18, 2009**

21                              _Irma E. Gonzalez_
                               **IRMA E. GONZALEZ, Chief Judge**
22                             **United States District Court**

23

24

25

26

27

28